UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 21-21102-CIV-MORENO**

CLAUDIA RODRIGUEZ-HERNANDEZ,

    Plaintiff,

vs.

VICTORIA'S SECRET STORES, LLC,

    Defendant.

_____/

## **ORDER GRANTING PARTIAL MOTION TO DISMISS**

THIS CAUSE came before the Court upon Motion to Dismiss for Failure to State a Claim as to Count One **(D.E. 10)**, filed on **April 22, 2021**.

THE COURT has considered the motion, the response, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED.**

Plaintiff was a merchandise processor at Victoria's Secret for three years. She was fired in 2019 due to numerous absences from work. She now sues for violation of the ADA's "associational discrimination" provision, retaliation under the FMLA, and interference with rights under the FMLA. Defendant only moves to dismiss Count I—associational discrimination under the ADA. Plaintiff's ADA claim is **dismissed** because she fails to plausibly allege facts upon which relief may be granted. The essence of her claim is that she was fired because her employer either thought she would be distracted (but not *too* distracted) at work by her mother's disability or because her employer made the *unfounded assumption* that Plaintiff would need to be absent a lot in order to take care of her disabled mother.

However, the allegations demonstrate that she was fired because she was consistently absent from work. While these allegations may amount to an FMLA violation, they are not an associational ADA violation because such prolonged absences make Plaintiff unqualified for the position and being qualified for the job at the time of termination is a necessary element of Plaintiff's prima facie claim. Thus, the partial motion to dismiss is **GRANTED**.

## Factual Allegations

The complaint has very few factual allegations. Notably, Plaintiff alleges that Defendant accused her of having 18 unexcused absences and then terminated her. The complaint also alleges "Defendant's discriminatory intent was motivated by the perception that Plaintiff might be mentally distracted by the need to care for her disabled mother, and Defendant's unfounded assumption that Plaintiff would need to take additional FMLA or other medical leave in order to care for her mother." Defendant's briefing characterizes that allegation as conclusory—the Court agrees.

## Legal Standards

A. Fed. R. Civ. P. 12(b)(6)

To state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While the Court must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw upon its judicial experience and common sense. *Id.* at 679, 129 S.Ct. 1937. A court may dismiss a case with prejudice if the allegations of a complaint, even when taken as true, afford no basis for relief or when amendment would be futile. *E.g.*, *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, 438 F. Supp. 3d 1346, 1356 (S.D. Fla. 2020).

B. ADA Associational Disability Claim

To establish a *prima facie* case of association discrimination under the ADA, the plaintiff must show that: (1) she was subjected to an adverse employment action; (2) she was qualified for the job at that time; (3) her employer knew at that time that she had a relative with a disability; and (4) the adverse employment action occurred under circumstances which raised a reasonable inference that the disability of the relative was a determining factor in the employer's decision. *Sutherland v. Glob. Equip. Co.*, 789 F. App'x 156, 161 (11th Cir. 2019) (citing *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001)).

Because being "qualified" for the job and the employer's reason for termination are related, I will address them together. The Eleventh Circuit has made clear that job presence is a prerequisite for being qualified. *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1306 (11th Cir. 2000) (collecting cases). In fact, Plaintiff admits this in her briefing. "An employer's decision to terminate an employee with a disabled relative is within legal bounds where it is based on an established record of past absences, or a clear indication of the employee's intent to take additional time off to care for the disabled relative." Pl. Resp. at 4.

Thus, the only true dispute is over whether Plaintiff adequately alleged that Defendant fired her because of the absences or for some other, potentially illegal reason. As noted above, the complaint does nothing to prove that Plaintiff's termination was because her employer was worried that she would be distracted on the job or an *unfounded* assumption that she would need lots of time off. Indeed, her employer cited 18 unexcused absences—an employer would not have to assume much to know that job presence is an issue. Plaintiff cites no statements from her superiors, emails about her performance, or conversations with co-workers that would support an inference that she was terminated for any reason other than the fact that her chronic absences rendered her unqualified for the position. Count I is **dismissed** for failure to state a claim.

DONE AND ORDERED in Chambers at Miami, Florida, this \_\_\_4th\_\_\_ of June 2021.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

4